UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEON TAYLOR-BEY,<br>    Plaintiff,<br>    v.<br><br>JODI DEANGELO and HEIDI WASHINGTON,<br>    Defendants.<br>_____/ | Case No. 23-11958<br><br>Judith E. Levy<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR URGENT SAFETY TRANSFER (ECF No. 2) AND MOTION FOR INJUNCTIVE RELIEF AND IMMEDIATE CONSIDERATION (ECF No. 3)**

**I.   PROCEDURAL HISTORY**

Plaintiff Leon Taylor-Bey filed this *pro se* prisoner civil rights suit on August 8, 2023.  (ECF No. 1).  Plaintiff moved for an urgent safety transfer and for injunctive relief on August 8, 2023.  (ECF Nos. 2, 3).  This case was referred to the undersigned for all pretrial matters.  (ECF No. 13).

For the reasons discussed below, the undersigned recommends that Plaintiff's motion for an urgent safety transfer and motion for injunctive relief be denied without prejudice.

**II.   BACKGROUND**

Plaintiff is a prisoner in the Michigan Department of Corrections ("MDOC"), residing at the Woodland Center Correctional Facility ("WCC"). (ECF No. 1, PageID.3). He is diabetic, has suffered kidney and heart failure, and is currently a dialysis patient. (*Id.* at PageID.5-6; ECF No.2, PageID.57). Plaintiff alleges he was transferred to WCC from Ryan Correctional Facility for further dialysis treatment and because there would be clean drinking water at WCC. (ECF No. 2, PageID.57).

On arrival to the facility, Plaintiff noticed the water, which he was forced to drink, shower, and cook in, smelled and tasted bad and had a brown or yellow color to it. (ECF No. 1, PageID.5). From his and his family's research, Plaintiff learned the water was well water, contaminated with unhealthy impurities which were harmful to Plaintiff's health, and any other dialysis patient's health. (*Id.* at PageID.5-6). He states that fifteen dialysis patients have died since being transferred to WCC, and every dialysis patient has been hospitalized at least once since being transferred. (ECF No. 2, PageID.57).

Plaintiff claims Defendants were aware of the contaminated water because they ordered their staff not to drink it. (ECF No. 1, PageID.5). In both motions, he petitions for a preliminary injunction to transfer all dialysis patients out of WCC and provide him with clean water. (ECF No. 2, PageID.64, ECF No. 3, PageID.73). He brings claims under the right to bodily integrity and deliberate

2

indifference to the medical needs of prisoners under the Eighth Amendment (*Id.* at PageID.59-60), and claims that the water poses a serious threat to his physical health, implicating an urgent liberty interest protected by the Fourteenth Amendment (ECF No. 3, PageID.65).

In his motion for injunctive relief and for immediate consideration, Plaintiff asks for a preliminary injunction to order MDOC officials to provide bottled water to all dialysis patients until they can be safely transferred to a facility with clean drinking water. (ECF No. 3, PageID.73). In his motion for an urgent safety transfer, Plaintiff petitions for injunctive relief and seeks a transfer to another facility while his action is pending and asks the Court to hold MDOC officials to the duty of care owed to himself and other dialysis patients. (ECF No. 2, PageID.56-63).

### III. ANALYSIS AND RECOMMENDATIONS

#### A. <u>Governing Standards</u>

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would

suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 239 (6th Cir. 2000). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018).

Federal Rule of Civil Procedure 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Although Rule 65(a)(1) does not specify what length of notice is required, the United States Supreme Court has explained that the party against whom the preliminary injunction is sought must be "given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 433 (1974).

The "only type of injunctive relief that a district court may issue ex parte is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Even so, a temporary restraining order "is an 'extraordinary and drastic remedy' that 'is never awarded as of right.'" *Robinson v. Long*, 814 F.

4

App'x 991, 994 (6th Cir. 2020) (quoting *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). "An *ex parte* TRO is only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erard v. Johnson*, 905 F. Supp. 2d 782, 791 (E.D. Mich. 2012). "To constitute irreparable harm, an injury must be certain, great, and actual. Irreparable harm cannot be speculative; the injury complained of [must be] of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Lucero v. Detroit Pub. Schools*, 160 F. Supp. 2d 767, 801 (E.D. Mich. 2001) (internal citations omitted).

Federal Rule of Civil Procedure 65(b) requires "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard" and "the movant's attorney certif[ying] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B). A verified complaint must be "in writing as true under penalty of perjury, dated, and in substantially the following form: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'" *Simmons v. City of Southfield*, 2020 WL 1868774, at *7 (E.D. Mich.

Jan. 27, 2020). Affidavits must also be "under oath." *Spencer v. Donohue*, 2019 WL 5680810, at *2 (E.D. Mich. Aug. 30, 2019).

B. <u>Analysis</u>

Because Plaintiff did not follow the requirements of Rule 65, the extraordinary relief of a preliminary injunction and/or temporary restraining order ("TRO") is not warranted.

Primarily, Fed. R. Civ. P. 65(a)(1) states the court may only issue a preliminary injunction when notice has been given to the adverse party. This court has found the notice requirement applies equally to pro se plaintiffs. *Jones v. Hemingway*, 2023 WL 6811808 (E.D. Mich. Sept. 18, 2023) (denying "the extraordinary relief of a TRO and/or preliminary injunction" because pro se plaintiffs did not follow the requirements of Rule 65); *see also Sutherland v. Warren*, 2019 WL 13368703 (E.D. Mich. Aug. 13, 2019). The lack of notice "is alone [a] sufficient reason to deny the motion." *McGuire v. Countrywide Home Loans, Inc.*, 2007 WL 1695590, at *2 (E.D. Mich. June 11, 2007) (citing *Mitchell v. Michigan Dep't of Corr.*, 2006 WL 1139742 (W.D. Mich. Apr. 27, 2006) (denying pro se plaintiff's motion for ex parte preliminary injunction based on Rule 65(a)(1))).

Because Defendants have not been served, the motions for preliminary injunctive relief should be denied. *Simmons*, 2020 WL 1868774, at *6 (plaintiff's

preliminary injunction "motions are improper because she did not certify attempts at service or explain why notice of the motion should be dispensed with").

A TRO may be issued under certain circumstances without written or oral notice to the adverse party under Fed. R. Civ. P. 65(b). *McGuire*, 2007 WL 169550, at *2. Construing Plaintiff's motion as one for a TRO, it is procedurally defective.

Federal Rule of Civil Procedure 65(b)(1)(A) states a court may issue a temporary restraining order without written or oral notice to an adverse party only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition" and the movant's attorney certifies in writing attempts made to give notice and reasons why notice should not be required. These requirements also apply equally to pro se litigants. *Spencer v. Donohue*, 2019 WL 56808, at *2 (E.D. Mich. Aug. 30, 2019) (citing *Whipple v. Tennessee Bd. Of Paroles*, 2018 WL 1387006, at *10 (E.D. Tenn. Mar. 19, 2018) ("Although on its face, Rule 65(b)(1) applies to attorneys only, courts have interpreted this requirement as applying to a pro se litigant who seeks a TRO.")).

Here, there is no evidence attached to either motion showing that immediate and irreparable injury will result before Defendants can be heard on the motions. That said, Plaintiff's complaint in which he alleges irreparable injury caused by the

7

water is verified and includes affidavits from other prisoners detailing their experiences as dialysis patients and the allegedly contaminated water. Their allegations, accepted as true, suggest that dialysis patients like Plaintiff are being injured, but they do not necessarily establish that irreparable injury will occur before Defendants can be heard on the motion.

Still, there is no certification of any efforts made to give notice to Defendants. "[B]ecause the plaintiff has not advanced any sound justification for issuing a restraining order without notice[,]" the Court cannot grant a temporary restraining order. *C.K. by Next Friend Sprinstead v. Oakland Comty. Health Network*, 2021 WL 5278723, at *1 (E.D. Mich. Feb. 8, 2021). There is no certificate of service with the motions nor has he provided certified reasons, or even discussed, why he has not served or attempted to serve the motion on Defendants.

The undersigned notes that the defendants have recently been served and answers are soon due. The motions for injunctive relief are recommended to be denied without prejudice, thus allowing Plaintiff to refile a motion for injunctive relief if he chooses to do so, in compliance with Rule 65 as explained above.

**IV. RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Urgent Safety Transfer (ECF No. 2) and Motion for Injunctive Relief (ECF No. 3) be **DENIED WITHOUT PREJUDICE.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 12, 2024.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

# CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 12, 2024.

s/Sara Krause
Case Manager
(810) 341-7850