**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Leon Taylor-Bey,

                    Plaintiff,          Case No. 23-11958

v.                                      Judith E. Levy
                                        United States District Judge

Jodi DeAngelo,
                                        Mag. Judge Curtis Ivy, Jr.
                    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S REQUEST FOR**
**APPOINTMENT OF COUNSEL [53] AND STAYING THE CASE**

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, "'[a]ppointment of counsel in a civil case is not a constitutional right' but 'a privilege that is justified only by exceptional circumstances.'" *Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). "In determining whether an appointment is warranted, courts must consider whether the litigant has demonstrated that [they are] indigent, in addition to evaluating the type of case, the complexity of the factual and legal issues

involved, and the ability of the litigant to represent himself." *Garzon v. De Hoffman*, No. 2:21-CV-10340, 2021 WL 1259462, at \*1 (E.D. Mich. Apr. 6, 2021) (citing *Lavado*, 992 F.2d at 606). "In addition, as a general rule, appointment of counsel in a civil case is inappropriate when a litigant's claims are frivolous or have a slim chance of success." *Id*. "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982)).

The Court concludes that appointment of counsel is warranted in this case. Plaintiff is incarcerated at the Woodland Center Correctional Facility and suffers from a variety of health issues, including diabetes and heart and kidney conditions. Additionally, the Court concludes that the complexity of the facts in this case warrants appointment of counsel.

Accordingly, Plaintiff's request (ECF No. 53) is granted, and the case will be referred to the Court's pro se case administrator. The pro se case administrator will have 45 days to attempt to obtain pro bono counsel for Plaintiff. If pro bono counsel is not obtained within 45 days,

2

Plaintiff will proceed pro se. Additionally, this case is STAYED for 45 days.

    IT IS SO ORDERED.

Dated: June 1, 2026                    s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 1, 2026.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager